Dear Senator Brown
¶ 0 This office has received your request for an official Opinion of the Attorney General in which you asked, in effect:
 Does the Oklahoma Open Records Act permit a public body to maintain confidentiality of the home telephone numbers of its employees?
¶ 1 The Oklahoma Open Records Act, 51 O.S. 24A.1 — 51 O.S.24A.24 (1991-1998), mandates openness of the records of public bodies in Oklahoma:
 All records of public bodies and public officials shall be open to any person for inspection, copying, and/or mechanical reproduction during regular business hours[.]
51 O.S. 25A.5 (1998).
¶ 2 This mandate of openness must be complied with absolutely except where specific state or federal statutes have provided a privilege of confidentiality. Id. See also 51 O.S. 24A.2(1998). In the event a privilege of confidentiality is sought by any entity, the burden of proof of such a privilege is upon the party who seeks it. 51 O.S. 24A.2 (1998).
¶ 3 Your question relates specifically to the home telephone numbers of individuals employed by public bodies. The Open Records Act sets for a scheme for the maintenance of some confidentiality of personnel records:
 A. A public body may keep personnel records confidential:
 1. Which relate to internal personnel investigations including examination and selection material for employment, hiring, appointment, promotion, demotion, discipline, or resignation; or
 2. Where disclosure would constitute a clearly unwarranted invasion of personal privacy such as employee evaluations, payroll deductions, employment applications submitted by persons not hired by the public body, and transcripts from institutions of higher education maintained in the personnel files of certified public school employees; provided, however, that nothing in this subsection shall be construed to exempt from disclosure the degree obtained and the curriculum on the transcripts of certified public school employees.
 B. All personnel records not specifically falling within the exceptions provided in subsection A of this section shall be available for public inspection and copying including, but not limited to, records of:
 1. An employment application of a person who becomes a public official;
2. The gross receipts of public funds;
3. The dates of employment, title or position; and
 4. Any final disciplinary action resulting in loss of pay, suspension, demotion of position, or termination.
 C. Except as may otherwise be made confidential by statute, an employee of a public body shall have a right of access to his own personnel file.
 D. Public bodies shall keep confidential the home address of any person employed or formerly employed by the public body.
51 O.S. 24A.7 (1998).
¶ 4 In addition, the Legislature has provided specific authority to keep state employee telephone numbers confidential:
 State employee home addresses, state employee home telephone numbers, and state employee social security numbers shall not be open to public inspection or disclosure.
74 O.S. 840-2.11 (1998).
¶ 5 As to state employees, your question is addressed by the limits imposed by Section 74 O.S. 840-2.11. State employee telephone numbers, home addresses, and social security numbers are mandatorily confidential records. This does not, however, fully answer your question. The Open Records Act applies to all public bodies defined therein, including any authority, council, committee, trust or any entity created by a trust, county, city, village, court, executive office, advisory group, task force, study group, or any subdivision thereof, supported in whole or in part by public funds or administering or operating public property. See 51 O.S. 24A.3(2) (1998). Section 74 O.S.840-2.11, which prohibits the release of certain information, applies by its own terms only to state employees.
¶ 6 Title 51 O.S. 24A.7 provides that all public bodies may keep confidential information regarding public employees where disclosure of the information would constitute a clearly unwarranted invasion of personal privacy. The examples listed in Section 51 O.S. 24A.7 are not an exhaustive list, but allow public bodies a certain amount of discretion. It is, however, provided that public bodies "shall" keep the home addresses of all present and former public employees confidential. The distinction between this provision and Title 74 O.S. 840-2.11
is self-evident. The Legislature could have mandated, but did not, keeping the telephone numbers of public employees other than state employees confidential. The absence of specific authority for this in Section 51 O.S. 24A.7 indicates that there is no general provision for such confidentiality.
¶ 7 On the other hand, lack of a general provision for confidentiality does not, in itself, indicate that the telephone numbers of public employees other than state employees must be made public. Section 51 O.S. 24A.7 establishes a standard that information in a public employee's personnel file may be kept confidential if disclosure would constitute a "clearly unwarranted invasion of personal privacy." The difference in the language in Title 51 O.S. 24A.7 and Title 74, Section 74 O.S.840-2.11 does not undo this allowance. In the event that disclosure of the telephone number of a public employee not covered by Section 74 O.S. 840-2.11 constitutes a "clearly unwarranted invasion of personal privacy," a public body has authority under Section 24A.7 to keep that information confidential.[1] Otherwise, it must be disclosed. Whether in a given situation confidentiality is justified is a question of fact outside the scope of an Attorney General Opinion. 74O.S. 18b(A)(5) (1998).
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The home telephone numbers, home addresses, and social security numbers of state employees must be kept confidential by state agencies. 74 O.S. 840-2.11 (1998).
 Public bodies other than state agencies are required to keep the home address of present and former public employees confidential. 51 O.S. 24A.7 (1998).
 Public bodies other than state agencies may keep the telephone numbers of public employees confidential if disclosure of the telephone numbers would constitute a clearly unwarranted invasion of personal privacy. 51 O.S. 24A.7 (1998). Applying this to a particular case is a question of fact outside the scope of an Attorney General Opinion. 74 O.S. 18b(A)(5) (1998).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL
[1] It is arguable that disclosure of an unlisted telephone number would lead to a clearly unwarranted invasion of personal privacy. This is, of course, just one factor in such a determination.